UNITED STEELWORKERS OF AMERICA, AFL-CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

FIBREBOARD CORPORATION, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 23772, 23853.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 27, 1970.

Decided Nov. 18, 1970.

Petition for Rehearing Denied Jan. 18, 1971.

Mr. George Cohen, Washington, D. C., for petitioner in No. 23,772. Messrs.

Jay A. Darwin, San Francisco, Cal., and Michael H. Gottesman, Washington, D. C., were on the brief for petitioner in No 23,772.

Mr. Gregory A. Harrison, San Francisco, Cal., with whom Mr. Donald Dennis Connors, Jr., San Francisco, Cal., was on the brief, for petitioner in No. 23,853.

Mr. Frank H. Itkin, Atty., National Labor Relations Board, of the bar of the Supreme Court of New Jersey, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for respondent. Mr. Stanley R. Zirkin, Atty., National Labor Relations Board, also entered an apperance for respondent.

Before WRIGHT and TAMM, Circuit Judges, and MATTHEWS,* Senior District Judge.

### PER CURIAM:

The background of these unfair labor practice proceedings is fully set out in this court's decision enforcing the Board's order as modified. East Bay Union of Machinists, Local 1304, United Steelworkers of America, A.F.L.–C.I.O. v. N. L. R. B., 116 U.S.App.D.C. 198, 322 F.2d 411 (1963), affirmed, *sub nom.* Fibreboard Paper Products Corp. v. N. L. R. B., 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964). The instant case relates only to the supplemental back pay proceedings resulting from the Board's order.

Both the union and the company raise various objections to the Board's disposition of these proceedings. We have carefully examined all these objections and find that the Board in its supplemental decision and order has correctly stated the law applicable to the issues presented. *See* 180 NLRB No. 33 (1969). We also find that there is sub-stantial evidence in the record as a whole to support the Board's factual findings. While on some of the issues we may well have found differently,

"[a]s with the Board's other remedies, the power to order back pay 'is for the Board to wield, not for the courts.' NLRB v. Seven-Up Bottling Co., 344 U.S. 344, 346 [73 S.Ct. 287, 97 L.Ed. 377] (1953). 'When the Board, "in the exercise of its informed discretion," makes an order of restoration by way of back pay, the order "should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." ' *Id.,* at 346–347 [73 S.Ct. at 289.]"

N.L.R.B. v. J. H. Rutter-Rex Manufacturing Co., 396 U.S. 258, 263, 90 S.Ct. 417, 420, 24 L.Ed.2d 405 (1969).

The petitions of the union and the company to review and set aside in part the Board's supplemental order in this case are denied and the supplemental order will be enforced.

So ordered.

MATTHEWS, Senior District Judge, respectfully dissents.